UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSCO FIRE PROTECTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEI CONTRACTING & ENGINEERING, INC., PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 17-cv-2078-BTM-RBB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND STRIKE [ECF NO. 4]** |

Pending before the Court is Defendant Philadelphia Indemnity Insurance Company's ("Defendant Philadelphia") motion to dismiss Plaintiff Cosco Fire Protection, Inc.'s third claim for relief and to strike its request for recovery of attorney's fees. (ECF No. 4.) For the reasons discussed below, Defendant Philadelphia's motion to dismiss and strike is granted.

## I. BACKGROUND

In 2014, Plaintiff and Defendant NEI Contracting & Engineering, Inc. ("NEI") entered into subcontract agreements relating to the federal construction at the USMC Camp Pendleton in the County of San Diego. (ECF No. 1, Complaint, ¶

4.) Plaintiff agreed to perform construction services and provide labor and materials to construct fire protection systems at USMC Camp Pendleton. (Id.) In return, Defendant NEI promised to pay Plaintiff for the services it rendered. (Id.) On March 16, 2016, Plaintiff issued its last invoice to Defendant NEI. (Id. ¶ 15.) Defendant NEI allegedly received Plaintiff's invoices but failed and refused to pay a total of $47,609.07. (Id. ¶ 6.)

Defendant Philadelphia had previously issued to Defendant NEI a payment bond relating to the construction project. (Id. ¶ 5.) The payment bond was issued pursuant to the Miller Act, 40 U.S.C. § 101 et seq. (Id.) After Defendant NEI refused to pay Plaintiff, Plaintiff made a claim to Defendant Philadelphia in early November 2016. (Id. ¶ 7.) Defendant Philadelphia allegedly acknowledged Plaintiff's claim and requested further information, which Plaintiff provided. (Id. ¶ 7.) On September 19, 2017, Defendant Philadelphia denied Plaintiff's claim to honor Defendant NEI's payment bond. (Id. ¶ 8.) On October 10, 2017, Plaintiff brought this action against Defendant NEI for breach of contract and common counts and against Defendant Philadelphia to recover under the Miller Act. (Id. ¶¶ 12–26.)

## II. DISCUSSION

**A. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in a plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In deciding a motion to dismiss, a court may consider the facts alleged in the complaint, exhibits attached to the complaint, and documents whose authenticity are not questioned and upon

which the plaintiff's complaint necessarily relies on, even if not physically attached to the complaint. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs. V. Pre Con Indus.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).

"An action under the Miller Act 'must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.'" *Air Control Techs.*, 720 F.3d at 1175 (citing 40 U.S.C. § 3133(b)(4)). Defendant Philadelphia argues that Plaintiff's third claim under the Miller Act is barred because Plaintiff filed this action more than one year after it last provided its labor and material.

Plaintiff, on the other hand, relies on *Air Control Technologies* to argue that its action under the Miller Act is timely because it *made a claim* to Defendant Philadelphia within one year of last providing labor or material. However, the Ninth Circuit in *Air Control Technologies* merely held that the Miller Act's statute of limitations is a procedural requirement, rather than a jurisdictional requirement. 720 F.3d at 1178. The Ninth Circuit's holding does not change the one-year statute of limitations for filing an action under the Miller Act, it merely recognizes that it is subject to considerations of equitable estoppel and equitable tolling. *See, e.g.*, *U.S. for Use of E.E. Black Ltd. V. Price-McNemar Constr.*, 320 F.2d 663, 666 (9th Cir. 1963); *see also Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) ("[T]here are two doctrines which may apply to extend the limitations period or preclude a defendant from asserting the defense—equitable tolling and equitable estoppel."). Here, Plaintiff's last invoice was dated May 16, 2016 and it filed this action on October 10, 2017, more than sixteen months after it last provided labor and services. Plaintiff does not argue

or allege facts to support an application of equitable exceptions.  Even in its opposition to Defendant's motion to dismiss Plaintiff does not argue any facts that would support equitable estoppel or equitable tolling.  Thus, it is apparent from the Complaint that Plaintiff failed to file this action within the Miller Act's one-year statute of limitations.  *See Air Control Techs.*, 720 F.3d at 1178.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's third claim for relief.

**B. Motion to Strike**

Federal Rule of Civil Procedure 12(f) authorizes courts to order striken "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, "[m]otions to strike are generally disfavored."  *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013).

Defendant Philadelphia moves to strike Plaintiff's request for attorney's fees.  Because Plaintiff is in agreement, the Court grants Defendant's motion to strike Plaintiff's request for attorney's fees.

//
//
//
//
//
//

## III. CONCLUSION

For the reasons discussed above, Defendant Philadelphia's motion to dismiss and strike (ECF No. 4) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: July 17, 2018

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court